

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § | No. 3:07-CR-222-L<br>ECF |
| MICHAEL PHILIP PLAISTED, JR. (02) | § | |

## PLEA AGREEMENT

Michael Philip Plaisted, Jr., the defendant, William S. Harris, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Plaisted understands that he has the rights

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Plaisted waives these rights and pleads guilty to the offense alleged in Count One of the indictment, charging possession of an unregistered firearm (destructive device), in violation of 26 U.S.C. §§ 5845(a)(8), 5845(f)(1)(A)(B)&(D), 5861(d) and 5871. Plaisted understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed

is true and will be submitted as evidence.

3. **Sentence**: The minimum and maximum penalties the Court can impose for Count One include:

    a. imprisonment for a period not to exceed 10 years;

    b. a fine not to exceed $250,000;

    c. a term of supervised release of not more than 3 years, which may be mandatory under the law and will follow any term of imprisonment. If Plaisted violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d. a mandatory special assessment of $100;

    e. restitution to victims or to the community, which may be mandatory under the law, and which Plaisted agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

    f. costs of incarceration and supervision.

4. **Court's sentencing discretion and role of the Guidelines**: Plaisted understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Plaisted has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Plaisted will not be allowed to withdraw his plea if his sentence is higher than expected. Plaisted fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the

Court.

5.  **Mandatory special assessment:**  Plaisted agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6.  **Defendant's cooperation:**  Plaisted shall cooperate with the government by giving truthful and complete information and/or testimony concerning his participation in the offense of conviction and knowledge of criminal activities.  Upon demand, Plaisted shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.  The government will advise the Court of the extent of Plaisted's cooperation.

Plaisted agrees that the following property is subject to forfeiture: a destructive device commonly known as a "Molotov cocktail," being an incendiary bomb, grenade, or similar device, that consisted of a liquor-type glass bottle containing a liquid and granular mixture of gasoline and chlorine with a wick made of cloth material protruding out of the bottle mouth from this mixture, which is the unregistered firearm (destructive device) described in Count One of the indictment.  Plaisted agrees the property is also subject to forfeiture in accordance with 18 U.S.C. § 924(d) and agrees to the forfeiture of the property civilly, either in an administrative or judicial proceeding, pursuant to 18 U.S.C. §§ 981 and 983 or 19 U.S.C. §§ 1607-1609.  Plaisted agrees he will not file a claim to the property in the civil administrative or civil judicial forfeiture proceeding, and if he has

filed a claim to the property in such a proceeding, he will execute the necessary documents to withdraw said claim and any other documents as requested by the government to effect the forfeiture of the property and the transfer of his interest in it to the government. Plaisted waives any time limits regarding the filing of a civil administrative or civil judicial forfeiture proceeding as provided in 18 U.S.C. § 983, 18 U.S.C. § 924(d) or any other applicable statute of limitations. Plaisted agrees to provide truthful information and evidence necessary for the government to effect the forfeiture of the property. Plaisted agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the property.

7. **Government's agreement:** The government will not bring any additional charges against Plaisted based upon the conduct underlying and related to Plaisted's plea of guilty. The government will dismiss, after sentencing, any remaining charges in the pending indictment. If, in its sole discretion, the government determines that Plaisted has provided substantial assistance in the investigation or prosecution of others, it will file a motion urging sentencing consideration for that assistance. Whether and to what extent to grant the motion are matters solely within the Court's discretion. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Plaisted or any property.

8. **Violation of agreement:** Plaisted understands that if he violates any

provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Plaisted for all offenses of which it has knowledge. In such event, Plaisted waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Plaisted also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

9. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Waiver of right to appeal or otherwise challenge sentence**: Plaisted waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Plaisted, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

11. **Representation of counsel**: Plaisted has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal

**Plea Agreement - Page 5**

representation. Plaisted has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Plaisted has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12.     **Entirety of agreement:**   This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

Agreed to and signed this 27th day of October, 2007.

RICHARD B. ROPER
UNITED STATES ATTORNEY

_Michael Plaisted Jr._
MICHAEL PHILIP PLAISTED, JR.
Defendant

GARY C. TROMBLAY
Assistant United States Attorney
Louisiana Bar Roll No. 22665
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 214.659.8600
Fax: 214.767.4100

_Wm. S. Harris_
WILLIAM S. HARRIS
Attorney for Defendant

DANIEL D. GUESS
Deputy Criminal Chief

## CERTIFICATE

I have read or had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

*Michael Plaisted Jr*     10/27/07
MICHAEL PHILIP PLAISTED, JR.     Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

*Wm. S. Harris*     10/27/07
WILLIAM S. HARRIS     Date
Attorney for Defendant